Phil F. **CHILDRESS** and James Mayeaux, Plaintiffs,

v.

**MOBILE LIVING CORPORATION** et al., Defendants.

Civ. A. No. 73–361.

United States District Court, E. D. Louisiana.

Nov. 6, 1974.

Joseph S. Russo, New Orleans, La., for plaintiffs.

Peter Frank Liberto, Harry T. Howard, III, New Orleans, La., for Hibernia Nat. Bank in New Orleans.

Herschel L. Abbott, Jr., New Orleans, La., for Mobile Home Service Co. of the South.

W. Jack Collins, in pro. per.; George M. Papale, Gretna, La., for Craig Credit Corp. and Mobile Living Corp.

ALVIN B. RUBIN, District Judge:

■ Mobile Home Service Company of the South, Inc. (hereinafter referred to as "Home Service") has moved for summary judgment on the basis that it is not an "arranger of credit" and therefore not liable under the Act. Home Service suggests a construction of Section 226.2(f) of Regulation Z, which defines "arrange for the extension of credit," that would make a person an arranger only if it participated in the preparation of the contract documents, in addition either to receiving a fee *or* having knowledge of the credit terms. But under the Act, as reasonably interpreted in the regulation, any party who has received a fee in connection with the extension of consumer credit may be liable whether or not it participated in the preparation of the contract documents, and whether or not the fee came directly from the consumer.

Section 226.2(f) states:

"Arrange for the extension of credit" means to provide or offer to provide consumer credit which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit receives or will receive a fee, compensation, or other consideration for such service *or* has knowledge of the credit terms *and* participates in the preparation of the contract documents required in connection with the extension of credit. It does not include honoring a credit card or similar device where no finance charge is imposed at the time of that transaction. (Emphasis supplied).

The normal reading of this clause would treat the word "or" emphasized above as disjunctive: a party arranges if it does either what is described in the first clause, or what is described in the words that follow the disjunctive. Had the Federal Reserve Board intended the clause relative to participating in the preparation of contract documents to be an added condition with respect to those who receive a fee, and thus to require participation in the preparation of the contract documents in order to hold a party who has received a fee for his part in the transaction, that meaning would have been made clear in various ways. At the least, commas would have been used to set off the phrase "or has knowledge of the credit terms," so that the "and" clause would modify both clauses that precede it. While the construction this Court adopts might have been more clearly expressed by dividing the two alternative requirements ("receives a fee . . . for such service," "or has knowledge . . . and participates") with a comma, it is evident that the Federal Reserve Board intended the regulation be given this construction.

The Board has thus construed the regulation on numerous occasions. In a letter of August 29, 1969, CCH Consumer Credit Guide ¶ 30,151, the Board said:

This definition provides that one is an arranger for credit if he "receives a fee, compensation or other consideration for such service *or* has knowledge of the credit terms and participates in the preparation of the contract documents." (Italics added).

In a letter of October 15, 1969, CCH Consumer Credit Guide ¶ 30,557, the Board changed the order of the two alternative requirements and thereby clarified the meaning of the regulation:

> However, if your client has knowledge of the credit terms and participates in the preparation of the contract documents for the credit transaction, or if he receives a fee for any service he performs in regard to the credit transaction, he would become an "arranger for the extension of credit" and would need to make the applicable disclosures required by Regulation Z.

In a letter of October 16, 1969, CCH Consumer Credit Guide ¶ 30,497, the Board clearly expressed its opinion that the receipt of a fee would be sufficient without any participation in the preparation of the contract documents:

> You indicated that the builder may assist the prospective purchaser in preparing a loan application and in initiating a credit report, all in connection with first mortgage credit to be extended by a party other than the builder. However, the builder does not become involved in the preparation of the contract documents (note, mortgage, etc.) even though he may be aware of the credit terms. You questioned whether such involvement by the builder placed him within the definition of a creditor under the terms of "participates in the preparation of the contract documents required in connection with the extension of credit."

> Merely providing a prospective purchaser assistance in completing a loan application and initiating a credit report would not, in itself, place the builder within the definition of a creditor and, therefore, subject him to the disclosure requirements of Regulation Z. *Of course, if he were to receive a fee for his assistance in the credit transaction, he would fall within the definition of a creditor.* (Emphasis added).

 The fee need not be paid directly by the borrower. In Starks v. Orleans Motors, E.D.La.1974, 372 F.Supp. 928, the fee was paid by the lender, not the borrower; yet the defendant was held liable under the Act. Obviously Home Service received compensation from someone for its services; this would seem to satisfy the requirements of the Act. Accordingly, Home Service's motion for summary judgment is denied.